## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## (BALTIMORE DIVISION)

| | |
|---|---|
| HERBERT L. BLANKENSHIP<br>Individually and on behalf of<br>Others Similarly Situated.<br>3 Wells Avenue<br>Glen Burnie, Maryland 21061 | CASE NO: 1:17-cv-195 |
| Plaintiff,<br>v. | **CLASS ACTION** |
| SUNTRUST BANK<br>303 Peachtree Street, NE<br>36th Floor<br>Atlanta, Georgia 30308 | JURY TRIAL DEMANDED |
| SERVE ON: | |
| Resident Agent<br>CSC-Lawyers Incorporating<br>Service Company<br>7 St. Paul Street<br>Suite 820<br>Baltimore, Maryland 21202 | |
| GREENSKY, LLC<br>5565 Glenridge Connector, Suite 800<br>Atlanta, Georgia 30342 | |
| SERVE ON: | |
| Resident Agent<br>National Registered<br>Agents, Inc.<br>1201 Peachtree Street, N.E.<br>Atlanta, Georgia, 30361 | |

## CLASS ACTION COMPLAINT
## AND
## DEMAND FOR JURY TRIAL

Plaintiff, Herbert L. Blankenship, an individual, on behalf of himself and all others similarly situated, sues Defendants, SunTrust Bank (hereafter, "SunTrust"), a Georgia corporation, and GreenSky, LLC (hereafter, "GreenSky"), a Georgia limited liability company and alleges:

## INTRODUCTION

1.     This class action seeks monetary and injunctive relief to redress an unlawful and deceptive practice followed by Defendants with respect to home repair contract credit services in violation of state and federal consumer protection laws.

2.     The business of Defendant GreenSky is subject to Maryland Commercial Law Code Ann. §14-1901, *et sequi*, known more commonly as the "Credit Services Businesses Act" ("CSBA").   Notwithstanding the fact that GreenSky is subject to the CSBA, GreenSky failed to obtain licensure from the State of Maryland or to comply with any other aspect of the CSBA with respect to the form and content of contracts and disclosures to consumers.

3.     Defendant SunTrust further failed to provide disclosures required under the Truth in Lending Act, 15 U.S.C. §1601 ("TILA").

4.     Mr. Blankenship brings this action on behalf of himself and all others similarly situated seeking statutory damages and equitable relief as provided for under state and federal law.

## JURISDICTION

5.      The jurisdiction of this court is established pursuant to Federal Truth in Finding Act, 15 U.S.C. §1640 ("TILA") and for state law claims pursuant to the pendent jurisdiction of the Court.

## ALLEGATIONS AS TO THE PARTIES

6.      At all times material hereto, Plaintiff, Herbert L. Blankenship ("Mr. Blankenship"), is *sui juris* and resident of Glen Burnie, Maryland.

7.      At all times material hereto, Defendant, SunTrust Bank ("SunTrust"), is a banking corporation organized in the State of Georgia.

8.      At all times material hereto, SunTrust is in the business of assigning loan agreements from third parties.

9.      At all times material hereto, GreenSky, LLC ("GreenSky") was a Georgia limited liability company doing business in the State of Maryland.

## FACTUAL ALLEGATIONS

10.     At all times material hereto, Mr. Blankenship was the legal title owner of a single-family home located at 3 Wells Avenue, Glen Burnie, Maryland 21061 ("Blankenship Residence"), where Mr. Blankenship maintained his place of residence.

11.     On or about May 18, 2016, Mr. Blankenship opened his front door to discover a personal note and business card from a "roofing inspector," to wit: ReNew Home Designs, Inc. ("ReNew" or "Roofing Contractor"), which gratuitously informed Mr. Blankenship that the roof to the Blankenship Residence had a "ridge

vent" problem that was letting large amounts of water into his house. The note contained an offer to repair the alleged issues. ReNew left a checklist indicating that the roof had "granule loss," "shingle failure," and "water retention."

12.     Deeply concerned for his home, Mr. Blankenship called the telephone number on the note and spoke to an employee of ReNew who advised Mr. Blankenship *inter alia* that he had been in the area, had seen the Blankenship Residence and wanted to speak to Mr. Blankenship concerning repairing the potentially serious roof problem.

13.     In response to the ReNew employee, Mr. Blankenship informed the employee that he had the roof replaced about five years earlier and that the roof had a twenty-year warranty.

14.     The employee of ReNew told Mr. Blankenship the new roof was not properly installed and that he could put a new roof on the Blankenship Residence for Twenty-Seven Thousand Five Hundred Dollars ($27,500.00).

15.     Based on ReNew's opinion of the Blankenship Residence, Mr. Blankenship grew very concerned about the condition of his roof and verbally agreed to hire ReNew.

16.     On May 19, 2016, the next day, before Mr. Blankenship's three-day right to rescission expired under the Maryland Door-to-Door Sales Act, and without Mr. Blankenship signing any documents with respect to the financing of the roof, workers from ReNew arrived at the Blankenship Residence the following

day and began to remove the roof without the written consent, knowledge or permission of Mr. Blankenship.

17.     In absolute shock, Mr. Blankenship told the workers he had not signed any documents with respect to the roof replacement, and instructed the workers to leave his property whereupon a man came forward and identified himself as the "owner" of ReNew at the Blankenship Residence, Mr. Jared Arminger. The salesman accompanied the "owner."

18.     After speaking with Mr. Blankenship, the "owner" reduced the price for repair to Seventeen Thousand Five Hundred Dollars ($17,500.00).

19.     Mr. Blankenship signed a receipt with ReNew that did not include the proper disclosures about his rescission rights required under the Maryland Door-to-Door Sales Act.

20.     Upon information and belief, the receipt with ReNew also did not include finance terms.

21.     At no time during this process did Mr. Blankenship sign a physical or electronic finance agreement.

22.     Prior to the expiration of his three-day right of rescission, ReNew returned to the property and removed Mr. Blankenship's roof.  Mr. Blankenship instructed the work crew to stop, but they had already damaged his roof and continued to take it off and replace it.

23.     As Mr. Blankenship had not physically or electronically signed a finance agreement for the roof work, Mr. Blankenship retained counsel to investigate the financing transaction.

24.     On or about June 1, 2016, Mr. Blankenship contested the validity of the credit transaction with GreenSky.

25.     On September 9, 2016, at the request of counsel for Mr. Blankenship, GreenSky sent or caused to be sent to Mr. Blankenship a letter which provided the alleged, unsigned finance documents for the Blankenship roof replacement.

26.     A true copy of the transmittal letter from GreenSky is attached hereto and incorporated herein by reference as Exhibit "A."

27.     Through the transmittal letter, GreenSky provided Mr. Blankenship a document entitled "GreenSky Installment Loan Agreement" ("Blankenship Loan Agreement").

28.     A true copy of the Blankenship Loan Agreement is attached hereto and incorporated herein by reference as Exhibit "B."

29.     Pursuant to the Blankenship Loan Agreement, SunTrust purportedly extended credit to Mr. Blankenship in the amount of Twenty-Seven Thousand Five Hundred Dollars ($27,500.00).

30.     Pursuant to the Blankenship Loan Agreement, SunTrust represented the following with respect to the terms for the extension of credit:

| | ANNUAL PERCENTAGE RATE The cost of credit as a yearly rate | FINANCE CHARGE The dollar amount the credit will cost you | Amount Financed The amount of credit provided to you or on your behalf | Total of Payments The amount you will have paid when you have made all payments as scheduled |
|---|---|---|---|---|
| T R U T H I N | 5.99% | $  9,397.55   (e) | $   27,500.00   (e) | $   36,897.55   (e) |

| Your payment schedule will be: | | |
|---|---|---|
| Number of Payments | Amount of Payments | When Payments are Due |
| 5 | $   137.27   (e) | Beginning 06/15/2016 and monthly thereafter for a total of 5 Months ("Promotional Payment Period") |
| 114 | $   314.88   (e) | Beginning monthly thereafter for a total of 114 months |
| 1 | $   314.88   (e) | 05/15/2026 |

Late Charge: If payment is more than 10 days late, you will be charged the lesser of $39 ($15 in Iowa) or 5% of the payment amount past due.

Prepayment: If you pay off early, you will not have to pay a penalty and you may be entitled to a refund of part of the finance charge.
See the rest of this document for any additional information for nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.
"(e)" means estimate

Itemization of Amount Financed: $  27,500.00   (e) — Paid to ReNew Home Designs, Inc.

("TILA Disclosure").

31.    As part of the TILA Disclosure, SunTrust represented as the "Itemization of Amount Financed" that Twenty-Seven Thousand Five Hundred Dollars ($27,500.00) was paid to ReNew ("Itemization of Amount Financed Disclosure").

32.    The Itemization of Amount Financed Disclosure was materially false in so far as Twenty-Seven Thousand Five Hundred Dollars ($27,500.00) was not in fact paid to ReNew.  Rather, GreenSky as opposed to ReNew received the loan proceeds in whole or in part and only a portion of same was actually paid to the contractor, ReNew.

33.    The Itemization of Amount Financed Disclosure included a fee paid to GreenSky for arranging for the credit represented by the Blankenship Loan Agreement.

7

34.     All Itemization of Amount Financed Disclosures in the finance agreements of class members falsely represent that the full amount financed was paid to third parties when in fact the "amount financed" was paid to GreenSky.

35.     In the Blankenship Loan Agreement, GreenSky represented to Mr. Blankenship that he had no obligations for transactions he did not authorize.

36.     As a result of its relationship with GreenSky, SunTrust has created hundreds, if not thousands, of loans similar to the Blankenship Loan Agreement without providing the disclosures mandated by the TILA prior to consummation of the transaction to finance home improvements.

### *Details of Maryland Credit Services Businesses Act Non-Compliance by GreenSky*

37.     Pursuant to Md. Code Ann. Com. Law §14-1901(e), a "credit services business" is defined as "any person who, with respect to the extension of credit by others, sells, provides, or performs, or represents that such person can or will sell, provide, or perform, any of the following services in return for the payment of money or other valuable consideration: (i) Improving a consumer's credit record history, or rating or establishing a new credit file or record; (ii) Obtaining an extension of credit for a consumer; or (iii) Providing advice or assistance to a consumer with regard to either subparagraph (i) or (ii) of this paragraph."

38.     An "extension of credit" as related to a credit services business "means the right to defer payment of debt or to incur debt and defer its payment, offered

or granted primarily for personal, family, or household purposes." Md. Code Ann. Com. Law §14-1901(f).

39.     GreenSky acted as a credit service business in its actions with Mr. Blankenship as described above.

40.     Maryland law provides that "[a] credit services business is required to be licensed." Md. Code Ann. Com. Law §14-1903.

41.     GreenSky did not obtain a license to act as a credit service business in Maryland.

42.     A credit services business must also give a consumer to whom it is providing services, a written statement which will detail the services provided, their right to certain required information for the consumer, and the total fees to be charged to the consumers before the credit services business actually performs any services on the consumer's behalf.  Md. Code Ann. Com. Law §14-1904 & 14-1905.

43.     GreenSky did not provide the written statement required under Md. Code Ann. Com. Law §§14-1904 through 14-1905.

44.     A credit services business must also provide a consumer a written right to cancel the contract for credit services he establishes with a consumer in a specific form. Md. Code Ann. Com. Law §14-1906.

45.     GreenSky failed to provide Mr. Blankenship with the required right to cancel as required under Md. Code Ann. Com. Law §14-1906.

46.     The actions described above by GreenSky were willful and knowing. GreenSky is a sophisticated, nationwide business which has knowledge of the various state laws that govern credit services.

47.     A credit services business which willfully fails to comply with any requirement imposed by the Maryland Credit Services Businesses Act, "is liable to the consumer in an amount equal to the sum of: (1) Any actual damages sustained by the consumer as a result of the failure; (2) A monetary award equal to 3 times the total amount collected from the consumer, as ordered by the Commissioner; (3) Such amount of punitive damages as the court may allow; and (4) In the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court." Md. Code Ann. Com. Law §14-1912(a).

48.     A credit services business which negligently fails to comply with any requirement imposed by the Maryland Credit Services Businesses Act, in failing to comply with any requirement imposed under the law "with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) Any actual damages sustained by the consumer as a result of the failure; and (2) In the case of any successful action to enforce any liability under this section, the cost of the action together with reasonable attorney's fees as determined by the court." Md. Code Ann. Com. Law §14-1912(b).

49.     "Each sale of the services of a credit services business that violates any provision of [Maryland Credit Services Businesses Act] is [also] an unfair or

deceptive trade practice under Title 13 of this article." Md. Code Ann. Com. Law §14-1914.

50.    By information and belief, during the applicable statute of limitations, GreenSky has acted as a credit service business for hundreds if not thousands of Maryland consumers such as Mr. Blankenship without complying with the requirements of the Md. Code Ann. Com. Law §14-1901, *et sequi*, known more commonly as the "Credit Services Business Act" ("CSBA").

51.    By information and belief, GreenSky has collected hundreds of thousands of dollars in unlawful fees from Maryland consumers without complying with the requirements of the CSBA.

### ***Derivative Liability for SunTrust for Misconduct of Sellers***

52.    Paragraph 23 of the Blankenship Loan Agreement provides:

> NOTICES:   ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF.   RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

53.    Pursuant to 16 C.F.R. §433, known more commonly as "federal trade commission rule regarding the preservation of consumer claims and defenses" or "FTC Holder Rule," SunTrust is subject to all claims and defenses of Mr. Blankenship and the other members of the class as consumers which are available against the credit sellers, to wit:  ReNew and GreenSky.

## CLASS ACTION ALLEGATIONS

54.    Mr. Blankenship brings this action on his own behalf and as representative of all those similarly situated pursuant to Rule 23(b)(2), Federal Rules of Civil Procedure, with respect to equitable relief sought herein, and Rule 23(b)(3), Federal Rules of Civil Procedure, with respect to the damages sought herein.

55.    This action is brought on behalf of all persons who: (1) obtained an extension of credit through GreenSky represented by a contract the same or substantially similar to the Blankenship Loan Agreement, and (2) were given inadequate disclosures by SunTrust which were required under the TILA and Regulation Z.

56.    Although the precise number of class members is presently unknown and can only be determined by discovery, the proposed class size satisfied the requirements of Rule 23(a)(1), Federal Rules of Civil Procedure, as, upon information and belief, SunTrust has extended credit to more than one hundred (100) customers who executed all similar finance agreements.

57.    The members of the class referred to above who are similarly situated with Mr. Blankenship, or readily ascertainable are so numerous that joinder of all members is impractical.  There is a well-defined community of interest in the questions of law and fact involved, affecting the parties to be represented in that each party has been injured by, or has an interest in litigating the legality of the

practice of the Defendants alleged herein.  Proof of a common or single state of fact or set of facts will establish the right of each member of the class to recover.

58.     Plaintiff is a member of the class because Plaintiff entered into the Blankenship Loan Agreement that was obtained by GreenSky for which SunTrust failed to provide adequate disclosures under TILA and Regulation Z in the same manner as all other members of the class.

59.     The claim of Plaintiff raises common questions of law or fact common to the questions of law or fact raised by the claims of the individual class members in this action within the meaning of Rule 23(a)(2), Federal Rules of Civil Procedure.  The questions of law or fact of Plaintiff arise out of a common practice in the manner in which Defendants have dealt with Plaintiff and class members, and predominate over any facts that may affect only individual class members within the meaning of Rule 23(b)(3), Federal Rules of Civil Procedure.

60.     Common questions of law or fact include:

    a.  Whether Defendants provided an extension of credit in the form of the Blankenship Loan Agreement in violation of TILA and Regulation Z.

    b.  Whether the extension of credit was arranged by GreenSky in violation of the CSBA.

61.     The requirement of Rule 23(a)(3), Federal Rules of Civil Procedure, is met because the claims of Plaintiff are typical of the claims of class members. Plaintiff and class members executed a finance agreement in the same or substantially similar form as the Blankenship Loan Agreement which credit was

obtained by GreenSky during the relevant class period and are entitled to statutory and actual damages as a result of the failure to disclose and provide the required material information under TILA and the CSBA.

62.    The requirement of Rule 23(a)(4), Federal Rules of Civil Procedure, is met because Plaintiff will fairly and accurately protect the interests of the class.  No antagonism exists between the interest of the Plaintiff and the interest of other class members. Counsel for Plaintiff is experienced in class action litigation and is well qualified to conduct this litigation.

63.    This action is appropriate for class treatment pursuant to Rule 23(b)(2), Federal Rules of Civil Procedure, because Defendant has acted or has refused to act on grounds generally applicable to the entire class, thereby making appropriate final and injunctive or corresponding to declaratory relief with respect to the class as a whole.

64.    A class action is superior to other methods for the fair and efficient adjudication of this controversy within the meaning of Rule 23(b)(3), Federal Rules of Civil Procedure, because among other things, it is able to concentrate the litigation of the class members' claims in one form, since it will conserve party and judicial resources and facilitate the consistency of adjudications.  Furthermore, as the damages suffered by individual class members in each class be relatively small, their interest in maintaining separate actions is questionable and the expense and burden of individual litigation makes it impractical for them to seek individual redress for the wrongs done to them.  Additionally, the prosecution of separate

claims by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to individual class members against Defendant.   Plaintiff is unaware of any difficulties that would be encountered in the administration of this class that would preclude its maintenance as a class action.

### COUNT I - ACTION FOR VIOLATION OF CREDIT SERVICES BUSINESSES ACT, MD. CODE ANN. COM. LAW, §14-1901, *ET SEQUI* *(AS TO GREENSKY)*

65.     Mr. Blankenship realleges and reaffirms the allegations contained in Paragraphs 1 through 64 above as if set forth hereat in full.

66.     GreenSky violated the rights of the Named Plaintiff and the class members by failing to provide the disclosures and contracts statutorily mandated under the CSBA.

67.     As a direct and proximate result of GreenSky's unlawful conduct described above, the Class Representative and class members have been damaged and have suffered economic losses in an amount to be proven at trial.

68.     The Named Plaintiff and class members are entitled to actual, statutory, and punitive damages, attorney's fees, and injunctive relief.

## COUNT II - ACTION FOR VIOLATION OF THE
## TRUTH IN LENDING ACT, 15 U.S.C. §1601, *ET SEQUI*
## *(AS TO SUNTRUST)*

69.     This is an action for violation of the Truth in Lending Act, 15 U.S.C. §1601 ("TILA"), and the regulations promulgated thereunder, seeking damages, interest, costs and attorney's fees.

70.     Mr. Blankenship realleges and reaffirms the allegations contained in Paragraphs 1 through 64 above as if set forth hereat in full.

71.     SunTrust violated TILA and Regulation Z with respect to the finance agreements represented by the Blankenship Loan Agreement entered into by Mr. Blankenship and the other members of the class by failing to properly deliver all "material disclosures" as required by TILA and Regulation Z prior to consummation of the finance transaction, including but not necessarily limited to the following:

(a)     by failing to disclose accurately and properly "the annual percentage rate," in violation of 15 U.S.C. §1638(a)(4) and Regulation Z, 12 C.F.R. §226.18(e);

(b)     by failing to disclose accurately and properly the "finance charge," in violation of 15 U.S.C. §1632(a) and Regulation Z, 12 C.F.R. §226.18(e); and

(c)     by failing to disclose accurately and properly the "amount financed" in violation of 15 U.S.C. §1638(a)(2) and Regulation Z, 12 C.F.R. Section 226.18(b).

72.     By reason of the aforesaid violations of the TILA and Regulation Z, SunTrust is liable to Plaintiff and the members of the class for statutory damages pursuant to 15 U.S.C. §1640(a).

73.     Pursuant to 15 U.S.C. §1640, Plaintiff and the members of the class are entitled to recover reasonable attorney's fees to be determined by the Court.

74.     Plaintiff has retained the undersigned law firm to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

### COUNT III - DECLARATORY AND INJUNCTIVE RELIEF
### UNDER MD. CTS. & JUD. PRO §3-406
### *(AS TO BOTH DEFENDANTS)*

75.     Mr. Blankenship realleges and reaffirms the allegations contained in Paragraphs 1 through 64 above as if set forth hereat in full.

76.     This claim for declaratory relief is brought under the Maryland Declaratory Judgment Act, Md. Code Ann. Cts. & Jud. Pro §3-406, to settle and obtain relief from uncertainty and insecurity with respect to the rights, status and legal relations under the credit services contracts of Mr. Blankenship and members of the class and the consumer protections embodied in the Maryland Credit Services Businesses Act.

77.     SunTrust and GreenSky maintain that GreenSky may operate a business of obtaining extensions of credit for consumers and providing advice or assistance to consumers with respect to obtaining an extension of credit for consumers without complying with the requirements of the Credit Services

Business Act. As such, consumers will not receive the protections and benefits of Maryland law until this Court declares and affirms that GreenSky must comply with the requirements of Maryland's Credit Services Businesses Act.

78.     Based on information and belief, there is an actual, judicable controversy between the parties relating to the construction of the Credit Services Contract of Mr. Blankenship and members of the Class and the application of Maryland's Credit Services Businesses Act to those contracts.

79.     The public interest is best served by granting the requested injunctions, as the public has a compelling interest in preventing GreenSky from violating the statutory and common law of the State of Maryland.

80.     Mr. Blankenship and other members of the Class are likely to succeed on the merits of this action, as the CSBA explicitly requires that GreenSky provide specific disclosures to consumers for whom it provided services.

## COUNT IV - RESTITUTION AND UNJUST ENRICHMENT
### *(AS TO BOTH DEFENDANTS)*

81.     Mr. Blankenship realleges and reaffirms the allegations contained in Paragraphs 1 through 64 above as if set forth hereat in full.

82.     By paying or agreeing to pay money for credit services, Mr. Blankenship and members of the Class conferred a benefit of illegally collected charges upon GreenSky.

83.     Defendants accepted the benefits conferred upon them by Mr. Blankenship and members of the Class.

84.     Defendants' collection, acceptance and retention of these charges, when GreenSky was not entitled to the charges as a matter of law, is and was and continues to be unjust and inequitable, and Defendants have not refunded the charges to Mr. Blankenship and members of the Class.  Defendants should not be permitted to retain the benefits of those illegal charges. GreenSky's continued withholding of the illegal charges is improper.

85.     Mr. Blankenship and members of the Class conferred these unjust benefits upon Defendants after and as a result of Defendants' misconduct as set forth herein.

## COUNT V - VIOLATION OF MARYLAND CONSUMER PROTECTION ACT
### (*AS TO BOTH DEFENDANTS*)

86.     Mr. Blankenship realleges and reaffirms the allegations contained in Paragraphs 1 through 64 above as if set forth hereat in full.

87.     Maryland's Consumer Protection Act ("CPA"), Md. Code. Ann., Comm. Law §13-101, *et sequi*, prohibits any "person" from engaging in any unfair or deceptive trade practices, inter alia, in the extension of consumer credit and in the collection of consumer debts.  CPA, §13-303(3) and (4).

88.     As a "person" under the CPA, §13-101(h), GreenSky is prohibited from engaging in unfair and deceptive trade practices.  CPA §13-301.

89.     The CPA specifically prohibits Defendants from making any false or misleading oral or written statement or other representation of any kind which has the capacity, tendency or effect of misleading consumers.  CPA §13-301(1).

90.    The CPA further prohibits Defendants from failing to state a material fact if the failure deceives or tends to deceive.  CPA §13-301(3).

91.    A violation of the CSBA is an unfair and deceptive trade practice and a *per se* violation of the CPA.  CSBA §14-1914.

92.    This failure to disclose material facts led Mr. Blankenship or members of the Class to make payments or agree to make payments which were not due, and which they would not have made had Defendants informed them of the material facts.

93.    As a result of Defendants' unfair and deceptive trade practices in violation of the CPA, Mr. Blankenship and members of the Class were induced to pay or agree to pay monies to Defendants to which Defendants were not entitled.


WHEREFORE, Plaintiff, Herbert Blankenship, an individual, on behalf of himself and all others similarly situated, prays for relief:

A.    For an Order certifying the instant matter as a class action;

B.    For a declaratory judgment establishing that GreenSky may not continue operating as a credit service business without complying with the requirements of Maryland law and that all extensions of credit arranged by GreenSky are void by operation of law;

C.    For statutory damages, costs, and attorney's fees against SunTrust pursuant to 15 U.S.C. §1640;

D.      For compensatory damages as to Defendants as a result of the direct and indirect, unfair or deceptive and unlawful practices as described herein pursuant to Md. Code Ann., Com. Law §§13-408 & 14-1912;

E.      For punitive damages, for the willful violations of Maryland law, as the Court may allow pursuant to Md. Code Ann., Com. Law §14-1912;

F.      For reasonable attorney's fees and costs pursuant to Md. Code Ann. Com. Law §§13-1408 & 14-1912; and

G.      For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Herbert L. Blankenship, an individual, on behalf of himself and all others similarly situated, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

Dated this 20th day of January 2017.

Respectfully Submitted,


_____/s/_____
KATHLEEN P. HYLAND (Bar No. 30075)
Hyland Law Firm, LLC
16 E. Lombard Street, Suite 400
Baltimore, MD  21202
(410) 777-8536 Telephone
(410) 777-8237 Fax
kat@lawhyland.com
*Counsel for Plaintiff*


ROBERT W. MURPHY
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Fax
rwmurphy@lawfirmmurphy.com and
rphyu@aol.com
*Counsel for Plaintiff,*
*To be admitted pro hac vice*

22